*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *PHYLLIS CARLE,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 05-71-B-W* |
| | ) | |
| *JO ANNE B. BARNHART,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION*[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the commissioner's decision is not supported by substantial evidence. I recommend that the court vacate the commissioner's determination.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff's chronic pulmonary obstructive disease was a severe impairment but not one which met or medically equaled the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3 & 4, Record at 16; that her allegations regarding her limitations were credible, Finding 5, *id*. at 17; that she had the residual functional capacity for work at the light exertional level with occasional bending and stooping and no

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on November 29, (*continued on next page*)

respiratory irritants, Finding 6, *id*.; that she was unable to perform any of her past relevant work, Finding 7, *id*.; that given her age (younger individual between the ages of 45 and 49), education (limited), lack of transferable skills and residual functional capacity, use of section 202.17 of Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") as a framework for decision-making led to the conclusion that there were a significant number of jobs in the national economy that she could perform, including semi-conductor assembler, cashier II, and counter attendant, Findings 8-12, *id*.; and that the plaintiff therefore was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Finding 13, *id*.  The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination made must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusions drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential review process, at which the burden of proof shifts to the commissioner to show that the claimant can perform work other than her past relevant work.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

2005 pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to (*continued on next page*)

## Discussion

The plaintiff contends that the vocational expert who testified at the hearing before the administrative law judge "conceded" that all of the jobs listed in the decision as appropriate for the plaintiff, with the exception of the job of semiconductor assembler in a sterile sedentary environment, would involve the risk of exposure to environmental irritants and accordingly are not within her residual functional capacity. Statement of Specific Errors ("Statement of Errors") (Docket No. 6) at 2-3. According to the plaintiff, the vocational expert testified that there were only 11 jobs in Maine in the remaining category and "[n]o determination has been made on whether 11 is a significant number, or whether these jobs require skill levels beyond those attained by the plaintiff." *Id*. at 4. The plaintiff asserts that this lack of determination requires remand.

The plaintiff points out, *id*. at 3, that the reviewing state-agency physicians both noted that the plaintiff should avoid concentrated exposure to respiratory irritants, Record at 207, 255. The testimony given by the vocational expert on cross-examination was that, despite the fact that the jobs of cashier II, counter attendant and charge account clerk were listed in the Dictionary of Occupational Titles ("DOT") as not involving environmental irritants, *id*. at 41-44, it was possible that the plaintiff would be exposed to environmental irritants in those jobs, such as customers wearing perfume, *id*. at 42, 46-48. A temporary occasional exposure to a respiratory irritant does not necessarily equal the concentrated exposure that the physicians determined should be avoided. However, this issue need not be resolved because the administrative law judge assigned the plaintiff a residual functional capacity that included *no* respiratory irritants. *Id*. at 17. Given that constraint, the vocational expert's testimony does appear to make three of the four identified jobs inappropriate for the plaintiff. Counsel for the commissioner agreed with this conclusion in response to a question at oral argument.

---

relevant statutes, regulations, case authority and page references to the administrative record.

The plaintiff's argument with respect to the remaining job, that of semiconductor assembler, rests on a mischaracterization of the vocational expert's testimony. The vocational expert testified that there were 11 such jobs in Maine at the sedentary level and 294 at the light level. *Id*. at 45. The administrative law judge used the latter number in his opinion. *Id*. at 17 (Finding 12). There is no evidence in the record to support separating out the sedentary-level jobs as being the only ones conducted in a sterile environment. The administrative law judge found that the plaintiff had a residual functional capacity for light work, a conclusion which counsel for the plaintiff agreed was "fair," *id*. at 40, so all 305 jobs in Maine and 61,000 nationally, *id*. at 45, must be considered to be available to the plaintiff.

At oral argument, counsel for the plaintiff contended that the administrative law judge may only consider the number of jobs available in the state or region where the claimant lives or in contiguous regions and not the number available nationally when deciding whether the plaintiff can perform other work which exists in significant numbers. So considered, counsel asserted, it is not possible to tell whether the vocational expert would consider 305 jobs to be a significant number, and remand must be ordered for the taking of further testimony on this point. This argument cannot succeed. First, the regulations state that it does not matter whether work exists in the immediate area in which the claimant lives. 20 C.F.R. § 404.1566(a). Next, determination whether a given number of jobs is significant within the meaning of 20 C.F.R. § 404.1560(c) is made by the commissioner, not a vocational expert, and is often made by reviewing courts. *See Brun v. Barnhart*, 2004 WL 413305 (D. Me. Mar. 3, 2004), *adopted* 2004 WL 1572695 (D. Me. Apr. 5, 2004), *aff'd* 126 Fed.Appx. 495 (1st Cir. 2005), at *5 (and cases cited therein). Further, this court has repeatedly held that the "significant numbers in the national economy" to which the regulations refer does not mean the number of jobs available in a particular type of work only in Maine, but rather the number of jobs available

nationally or at least in several regions of the nation. *See, e.g., Brun*; *Welch v. Barnhart*, 2003 WL 22466165 (D. Me. Oct. 31, 2003), at *4. *See generally McCallister v. Barnhart*, 2004 WL 1918724 (D. Me. Aug. 26, 2004), at *5, and cases cited therein (finding 174-500 jobs in a region to be a significant number). The case law from other jurisdictions cited by counsel for the plaintiff at oral argument does not cause me to doubt this court's earlier decisions on this point. In *Lenon v. Apfel*, 191 F.Supp.2d 968 (W.D. Tenn. 2001), no evidence was presented at the administrative hearing as to the number of jobs available in either the national or the regional economies. *Id*. at 979. In *Franklin v. Apfel*, 8 F.Supp.2d 227 (W.D. N.Y. 1998), the administrative law judge "was not fully certain that there were significant numbers of jobs available in the economy." *Id*. at 234. Both cases are distinguishable.

The plaintiff's statement of errors cites no authority to support its necessarily-implied assertion that the commissioner must make an explicit determination that a given number of jobs is a significant number in order to avoid remand, and counsel for the plaintiff was unable to provide any at oral argument. It has been my experience that such a determination has been made by the courts in many cases. *See Brun*, at *5, and cases cited therein. I have made such a determination in the past. *Id*. (40 jobs in Maine and 50,000 nationally constitute a significant number). I see nothing in the record of this case that would support a different result.

The plaintiff fares better with her contention, emphasized at oral argument, that the semiconductor assembler job was not appropriate for her based on the residual functional capacity assigned by the administrative law judge. The vocational expert testified that the semiconductor assembler jobs had an SVP (specific vocational preparation) at the "low end" of 3, which would be "less than 30 or just around 30 [days of required training]." Record at 45. The administrative law judge found that this was "equivalent to svp 2." *Id*. at 17. Specific vocational preparation "is defined

as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific worker situation." *Dictionary of Occupational Titles* ("DOT") (U.S. Dep't of Labor, 4th ed. rev. 1991), Appendix C, Part II.  The finding by the administrative law judge that the SVP in this case was the equivalent of 2 is critical, because he found that the plaintiff had no transferable skills, Record at 17, and an SVP of 3 corresponds to semi-skilled work, while unskilled work is classified at the SVP level of 1 or 2. Social Security Ruling 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004), at 245.   An individual is able to perform semi-skilled work only if she has transferable skills.  20 C.F.R. § 404.1568(d)(1).  Counsel for the commissioner contended at oral argument that administrative law judge was entitled to rely on the "greater detail" about a "specific job" provided by the testimony of the vocational expert which the administrative law judge evoked. However, as counsel for the plaintiff pointed out, the DOT provides very specifically that the levels of the SVP scale "are mutually exclusive and do not overlap."  DOT, Appendix C, Part II, Note.  Given this absolute language, and the commissioner's policy set forth in Social Security Ruling 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004), at 244 ("In making disability determinations, we rely primarily on the DOT . . . for information about the requirements of work in the national economy . . . .  Occupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT.  When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled."), remand is required in this case. The administrative law judge evoked testimony from the vocational expert to the effect that all jobs included within the category of semiconductor assembler actually have an SVP "at the low end" of 3,

so that it would be "less than 30 or just around 30" days of training, which is the definition of an SVP of 2.  The administrative law judge  provided no reasonable explanation for this obvious conflict with the DOT, nor did he ask the vocational expert to provide one.  Under these circumstances, remand is required.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of November, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge